IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

BENJAMIN FULLER
and
DAVID KRIVONAK,
       Plaintiffs,

v.                                    CIVIL ACTION NO. 4:13cv56

HUNTER ALIFF,
KENNETH LAMBERTI,
WAYNE MILLER,
MICHAEL SCOTT WINGFIELD,
MICHAEL CALEB INGROFF,
JOHN DOES 1 & 2,
and
JANE DOES 1 & 2,
       Defendants.

## *MEMORANDUM OPINION AND ORDER*

Before the Court is Defendant Michael Wingfield's Motions to Dismiss Counts 3 and 4 of the Complaint pursuant to Rule 12(b)(6) of Federal Rules of Civil Procedure. The motion has been fully briefed and is ripe for judicial determination. For the reasons stated herein, the Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.

## I. FACTUAL BACKGROUND

On April 30, 2013, Plaintiffs Benjamin Fuller and David Krivonak filed a Complaint against Defendants Hunter Aliff, Kenneth Lamberti, Wayne Miller, Michael Scott Wingfield, Michael Caleb Ingroff, John Does 1 & 2, and Jane Does 1 & 2. Plaintiffs asserted federal jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332, and raised four counts against all

1

defendants under Virginia common law: 1) Battery, 2) Assault, 3) Intentional Infliction of Emotional Distress, and 4) Conspiracy.

The following facts are alleged in Plaintiffs' Complaint. In May 2011, they were vacationing with friends at a private home on Gwynn's Island in Mathews County, Virginia. Compl. ¶ 17. During the evening of May 7, 2011, Plaintiffs were socializing around a bonfire on the beach behind the house where they were staying. Compl. ¶ 18. During the late evening of May 7, 2011, or the early morning of May 8, 2011, Aliff, Lamberti, and Miller came over from a nearby house and joined Plaintiffs around the bonfire. Compl. ¶ 19. At some point, Aliff, Lamberti, and Miller told Plaintiffs that they "seemed queer," and asked Plaintiffs whether they were gay. Compl. ¶ 20. Plaintiff Fuller responded that he was. Compl. ¶ 21. Aliff, Lamberti, and Miller then started to harass Plaintiffs with hostile, taunting, and vulgar comments and questions, such as asking whether they "like to suck dick" and refusing to drink from the same bottle as Plaintiffs because they knew where Plaintiffs' "mouths have been." Compl. ¶ 22.

Plaintiffs observed Aliff, Lamberti, and Miller using their cellphones to send what appeared to be text messages. Compl. ¶ 23. Plaintiffs assert that on information and belief, Aliff, Lamberti, and Miller used their cellphones to inform the other Defendants that Plaintiffs were gay and to encourage the remaining Defendants to join them at the beach for the purpose of further harassing Plaintiffs. Compl. ¶ 24. Shortly thereafter, the remaining Defendants came to the beach from a nearby house. Compl. ¶ 25. Although they had never met Plaintiffs before, they arrived at the beach making comments such as "Are these the faggots you were talking about?" and "I've never seen a real faggot before." *Id.* Minutes later, Aliff, Lamberti, Ingroff, Wingfield, and John Does 1 & 2, acting together, physically attacked Plaintiffs by punching, kicking, and pushing them, pinning them to the ground, striking Fuller with a stone or other hard

object and holding his head under water, and choking Krivonak. Compl. ¶ 26. During the attack, Jane Does 1 & 2 laughed, shouted, and verbally encouraged and incited Defendants to continue to attack the "faggots." Compl. ¶ 27.

After the attack, Plaintiffs told Defendants that they intended to report them to the police. Compl. ¶ 29. Defendants jeered at and taunted Plaintiffs, saying "Go ahead, see what the cops down here do with a couple of faggots like you." *Id.* Within minutes of the attack, Plaintiffs reported Defendants' conduct to the local police. Compl. ¶ 30. Deputies from the Mathews County Sheriff's Department arrived in the early morning of May 8, 2011, and asked Defendants about the attack. *Id.* Plaintiffs assert that on information and belief, later that same morning, in retaliation for Plaintiffs' call to the police, and in order to further intimidate and terrorize Plaintiffs, Defendants set fire to and thereby destroyed a kayak located on the lawn behind the house where Plaintiffs were staying. Compl. ¶ 31.

Plaintiffs allege that Defendants, individually and collectively, acted with actual malice toward Plaintiffs because they believed that Plaintiffs were gay. Compl. ¶ 32. As a result of Defendants' actions, Plaintiffs suffered physical injuries, including bruises, cuts, bleeding, physical pain and suffering, severe headaches, recurrent sleeplessness, difficulty concentrating, and in Krivonak's case, a broken nose and concussion which required medical treatment. Compl. ¶ 34. Plaintiffs also allege that they suffered pecuniary injuries including medical expenses and lost wages, and emotional and dignitary injuries including "severe emotional distress, pain, suffering, terror, humiliation, shame, and embarrassment." Compl. ¶¶ 36, 37.

On November 20, 2013, the Court ruled on Motions to Dismiss filed by three of the Defendants: Kenneth Lamberti, Michael Ingroff, and Wayne Miller. Dkt. No. 34. The Court granted Defendant Miller and Ingroff's motions to dismiss Count 3 of the Complaint for

3

intentional infliction of emotional distress, finding that Plaintiffs failed to sufficiently plead that the emotional distress they suffered was severe. The Court denied all three Defendants' motions to dismiss Count 4 of the Complaint for conspiracy, rejecting their arguments that the cause of action was insufficiently pled and that there was no such cause of action under Virginia law.

On December 2, 2013, the Court extended the time for proof of service of process for Defendant Wingfield and the John and Jane Doe Defendants. Dkt. No. 37. Defendant Wingfield was served a summons, and filed an Answer on February 11, 2014 generally denying the allegations in the Complaint. Dkt. No. 43. On February 20, 2014, he filed a Motion to Dismiss Counts 3 and 4 of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 44. Plaintiffs filed a Response on February 24, 2014, Dkt. No. 58. The matter is fully briefed and ripe for disposition.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of a complaint. *Francis v. Giacomello*, 588 F.3d 186, 192 (4th Cir. 2009). Courts will favorably construe the allegations of the complaint and assume that the facts alleged in the complaint are true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court "need not accept the legal conclusions drawn from the facts," nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

A Rule 12(b)(6) motion to dismiss should be granted if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires a plaintiff to demonstrate more than

4

a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* As multiple district courts in this circuit have noted, these federal pleading standards are "procedural," not "substantive," rules, and therefore govern state law claims raised in a diversity case. *E.g., McFadyen v. Duke University*, 786 F. Supp. 2d 887, 920 (M.D.N.C. 2011), *aff'd in part, rev'd in part, Evans v. Chalmers*, 703 F.3d 636 (4th Cir. 2012). *See also Hatfill v. New York Times Co.*, 416 F.3d 320, 337 (4th Cir. 2005).

### III. DISCUSSION

Plaintiffs' Complaint pleads four causes of action: (1) battery, (2) assault, (3) intentional infliction of emotional distress ("IIED"), and (4) conspiracy to commit assault and battery. Defendant Wingfield moves to dismiss Count 3 on the same grounds as Defendants Ingroff and Miller, and raises the same arguments in support thereof. Namely, he contends that Plaintiffs have failed to sufficiently plead the required elements of outrageous conduct and severe distress. The Court hereby incorporates by reference its Order of November 20, 2013, Dkt. No. 34, which held that Plaintiffs failed to adequately plead that their emotional distress was severe. Accordingly, Defendant Wingfield's Motion to Dismiss Count 3 is **GRANTED**.

Similarly, Defendant Wingfield moves to Dismiss Count 4 on the same grounds as Defendant Lamberti, who contended that Virginia does not recognize a cause of action for conspiracy to commit assault or battery, and Defendants Ingroff and Miller, who moved to dismiss on the grounds that Plaintiffs failed to plead sufficient facts to support a conspiracy claim. The Court hereby incorporates by reference its Order of November 20, 2013, Dkt. No. 34, which held that there was such a cause of action under Virginia law, and that Plaintiffs had

adequately pleaded facts supporting the cause of action to survive a Motion to Dismiss. Accordingly, Defendant Wingfield's Motion to Dismiss Count 4 is **DENIED**.

## IV. CONCLUSION

For the reasons stated above, Defendant Wingfield's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

                                                         /s/
                                     Raymond A. Jackson
                                     United States District Judge

Norfolk, Virginia
March 4, 2014